

**RECEIVED**
BY _____
**AUG 1 8 2006**
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **DEBORAH BROOKS,** | ) |
| Plaintiff, | ) **5:06CV1421** |
| | ) **JUDGE STAGG** |
| Vs. | ) **MAG. JUDGE HORNSBY** |
| **AFNI, INC., AND ECHOSTAR SATELITE CORPORATION** | ) |
| Defendants. | ) MAGISTRATE JUDGE |

## COMPLAINT - JURY TRIAL DEMANDED

The Plaintiff, Deborah Brooks, by counsel, complains against the Defendants as follows:

### I. Introduction

1. The Plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. (hereinafter referenced as the "FDCPA") and violations of the Fair Credit Reporting Act, 15 U.S. C. sections 1681 et seq. ("FCRA").

1

## II. Jurisdiction and Venue

2. Jurisdiction of this court is conferred by 15 U.S.C. 1681p, 15 U.S.C. 1692k(d) and 28 U.S.C. 1331, and the doctrine of pendent jurisdiction.

3. Venue is proper because the Plaintiff has resided in this district during all periods relevant to this dispute. Defendants conducts significant operations in this district.

## III. Parties

4. Plaintiff, Deborah Brooks, is an adult natural person who resides in Bossier, Louisiana. She is a "consumer" within the meaning of the FDCPA.

5. Defendant, AFNI, Inc. ("AFNI"), has it's a place of business in Bloomington, Illinois. AFNI regularly attempts to collect consumer debts asserted to be due another in the state of Louisiana.

6. Defendant, AFNI also regularly reports the status of consumer accounts to consumer reporting agencies and is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b).

7. Defendant, Echostar Satelite Corporation, has its principal place of business in Englewood, Colorado. Echostar Satellite Corportation operates and sells satellite television service throughout the United States and Louisiana under the DISH Network brand name.

## IV. Facts

8. On or about November, 2004, Defendant, AFNI, reported negative, adverse and derogatory information on the Plaintiff to credit reporting bureaus concerning an account it was collecting for Dish Network for satellite television services. The

reporting of this adverse information has adversely affected the Plaintiff's ability to obtain credit and insurance at the best available rates.

9. In May of 2005, Plaintiff's credit report was pulled in connection with her application for a home mortgage and she discovered the adverse information put on her credit report by AFNI referencing Dish Network. (Notice of the credit pull is attached as Exhibit A) Plaintiff then contacted Dish Network and discovered the alleged debt was for an individual named Debbie Brooks who lived at 2826 Misty Lane apt. 86, Bossier City, Louisiana. Defendant contacted both DISH Network and AFNI by telephone numerous times to advise them that the collection account at issue did not belong to her and that she had never gone by the name Debbie Brooks nor ever lived at 2826 Misty Lane Apt. 86, Bossier City, Louisiana. DISH Network and AFNI failed to respond to Plaintiff's request and pleas to correct erroneous information being reported to the Credit Reporting Agencies. The DISH Network representative also advised Plaintiff that the issue over the disputed account would have to be resolved with AFNI.

10. On or about June 23, 2005, Plaintiff's attorney informed Defendant, AFNI, by letter that the Plaintiff never had an account with Dish Network, never resided at 2826 Misty Lane Apt. 86, Bossier City, Louisiana, and did not go by the name Debbie Brooks. Enclosed with the letter to AFNI was a letter from Plaintiff's apartment manager verifying that she had not resided at 2826 Misty Lane apt. 86, Bossier City, Louisiana 71111 and a copy of a bill she had obtained from Dish Network showing that the services were rendered to an apartment never occupied by Plaintiff. AFNI was also advised that the debt was disputed and that verification was requested. A copy of this letter and attachments are attached hereto as Exhibit B.

11. On or about July 2, 2005, Defendant, AFNI, sent Plaintiff a letter with the wrong spelling of her name, containing the Plaintiff's last 4 digits of her social security number and the address of Dish Network as verification of the alleged debt. The letter failed to address plaintiff's allegations that the Dish Network account did not belong to her. A copy of the letter received from Defendant, AFNI, is attached as Exhibit C.

12. On or about July 14, 2005, Plaintiff's Attorney sent the three (3) major credit reporting agencies, Trans Union, Experian, and Equifax a letter indicating that there was a dispute with the collection account being reported by AFNI in connection with their client Dish Network and requesting that the matter be reinvestigated and marked as disputed. Copies of these letters are attached as Exhibit D.

13. Despite the request for reinvestigation Plaintiff learned that all three (3) of the Credit Reporting Agencies were still listing the disputed AFNI-Dish Network account on Plaintiff's credit report.

14. In a second letter to the Credit Reporting Agencies, dated April 5, 2006, the Plaintiff again disputed the listing of the AFNI-Dish Network account and requested a reinvestigation. A copy of this dispute letter is attached as Exhibit E.

15. On or about April 20th, 2006 Trans Union, printed and sent to the Plaintiff a credit report that continued to list the AFNI-Dish Network account as being in collection with no mention of Plaintiff's dispute. This credit report also listed that the account had been "VERIFIED, NO CHANGE." A copy of the relevant portion of the credit report is attached as Exhibit F.

16. Upon information and belief of the Plaintiff, between the dispute letter to TransUnion, referenced in paragraph 13, and the time the Trans Union Credit Report was

printed, Trans Union, contacted Defendant, AFNI, and Defendant, AFNI, gave to Trans Union, information that Defendant, AFNI, represented as the results of an investigation, an investigation verifying that the account belonged to the Plaintiff, and that the account was in collection with no reference to any dispute by Plaintiff.

17. Due to the failure of Defendant, AFNI, to properly investigate the erroneously reported credit information referenced upon notice by the Plaintiff, and the subsequent reinvestigation request by the Credit Reporting Agencies, Plaintiff suffered harm to her reputation, and was deterred from applying for credit because incorrect information was in her Credit Report.

### V. Violation of Fair Debt Collection Practices Act

18. Even though Defendant, AFNI, had multiple notices that the account it was collecting on behalf of Dish Network was disputed, AFNI's report to the Trans Union did not include a reference that the account was in dispute represents a violation 15 U.S.C.1692e (8).

19. Defendant, AFNI's, reporting of a debt neither belonging to Plaintiff nor legally owed by Plaintiff represents a violation 15 U.S.C.1692e(2)(A).

### VI. Violation of the Fair Credit Reporting Act

20. In the entire course of its action, Defendant, AFNI has willfully and /or negligently failed to comport with FCRA section 1681s-2(b) by failing to timely reinvestigating and correcting the disputed information.

### VII. CLAIMS AGAINST ECHO STAR SATELITE

21. ECHO STAR SATELITE CORPORATION has:

a) Defamed plaintiff by publishing to third parties false information regarding her creditworthiness;

b) Invaded the privacy of plaintiff;

c) Willfully and/or negligently caused foreseeable injury to plaintiff by failing to take affirmative steps to advise AFNI that the DISH Network account at issue in the present dispute did not belong to Plaintiff.

### JURY TRIAL DEMANDED

Plaintiff hereby demands trial by a six-person jury on all issues so triable.

WHEREFORE, Plaintiff requests actual damages, statutory damages, punitive damages, attorney fees, costs and other such relief as justice requires.

Respectfully submitted,
UAW-GM Legal Services Plan

BY: _____
EDWARD TAKARA
Attorney for Plaintiff
Louisiana Bar No.: 23325
6007 Financial Plaza, Suite 704
Shreveport, LA 71129
(318) 688-3960

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **DEBORAH BROOKS** | ) | **CIVIL ACTION No.** |
| Plaintiff | ) | |
| Vs. | ) | **JUDGE** |
| **AFNI, INC., AND ECHOSTAR SATELITE CORPORATION** | ) | |
| **DEFENDANTS** | ) | **MAGISTRATE JUDGE** |

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF CADDO

**BEFORE ME,** the undersigned authority, a Notary Public in and for the above stated State and Parish, personally came and appeared DEBORAH BROOKS, who after being duly sworn, did state that the allegations contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief.

_____
DEBORAH BROOKS

SWORN TO AND SUBSCRIBED, before me, Notary Public, in Shreveport, Caddo Parish, Louisiana, this _____ day of August, 2006.

_____
NOTARY PUBLIC